UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDY HALL, ) | |
| ) | |
| Plaintiff, ) | 03:11-CV-00137-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| HIGH DESERT RECYCLING, INC., et al., ) | |
| ) | |
| Defendants. ) | |

Before the court is defendant Steve Sutta's ("Sutta") motion to dismiss. Doc. #26.[1] Plaintiff Brandy Hall ("Hall") filed an opposition (Doc. #30) to which Sutta replied (Doc. #33).

**I.     Factual Background**

This is a pregnancy discrimination and retaliation action brought by Hall pursuant to Title VII of the 1964 Civil Rights Act and the Pregnancy Discrimination Act of 1978. The case arises out of the alleged discrimination and wrongful termination of Hall by Defendants High Desert Recycling, Inc. ("High Desert") and American Shredding, Inc. ("American Shredding"). In February 2008, Hall began working for High Desert and American Shredding. In July 2009, Hall informed her employer that she was pregnant. Thereafter, her supervisors allegedly changed the terms and conditions of her employment by placing limitations and performance goals on her that

---

[1] Refers to the court's docket number.

were not placed on non-pregnant employees. In response to these changes, Hall informed Sutta, the owner of defendant companies, of her intention to file a discrimination complaint with the EEOC, for which she was subsequently terminated.

On February 23, 2011, Hall filed a Title VII discrimination complaint against defendants. Doc. #1. On July 6, 2011, Hall filed an amended complaint alleging that defendant Sutta is the alter ego of the defendant companies. Doc. #23. Thereafter, Sutta filed the present motion to dismiss. Doc. #26.

**II.  Legal Standard**

Sutta seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III.   Discussion

The doctrine of alter-ego liability allows a creditor to reach the personal assets of a controlling individual to satisfy a corporation's debt. *LFC Marketing Group, Inc. v. Loomis*, 8 P.3d 841, 846 (Nev. 2000). In order to state a claim for alter-ego liability in Nevada, a plaintiff must allege that: "(1) [t]he corporation [is] influenced and governed by the person asserted to be its alter ego[;] (2) [t]here [is] such unity of interest and ownership that one is inseparable from the other; and (3) [t]he facts [are] such that adherence to the fiction of separate entity would, under the circumstances, sanction a fraud or promote injustice." *Lorenz v. Beltio, Ltd.*, 963 P.2d 488, 496 (Nev. 1998) (quoting *McCleary Cattle Co. v. Sewell*, 317 P.2d 957, 959 (Nev. 1957)). The court shall address each element in turn below.

First, a plaintiff must plead with specificity that the alleged alter ego influences and governs the corporation. *Id.* In her amended complaint, Hall alleges that Sutta has exercised complete dominance and control over defendant companies and that these companies are mere shells for conducting Sutta's personal business. *See* Doc. #23, ¶60. The court finds these allegations are sufficient to satisfy this element.

Second, a plaintiff must plead with specificity that there is such unity of interest and ownership that the alleged alter ego and the corporation are inseparable. *Id.* Although there is no precise litmus test for determining when there is unity of interest and ownership for purposes of alter-ego liability, the following factors are considered relevant: co-mingling of funds, undercapitalization, unauthorized diversion of funds, treatment of corporate assets as the individual's own, and failure to observe corporate formalities. *Polaris Indus. Corp. v. Kaplan*, 747 P.2d 884, 887 (Nev. 1987). Because no one factor is determinative, a court's inquiry is fact-intensive and must rely heavily on the particular circumstances of each case. *Mesler v. Bragg Mgmt. Co.*, 702 P.2d 601, 606 (Cal. 1985). Allegations of two or three factors have been held sufficient to defeat a 12(b)(6) motion to dismiss. *See e.g.*, *Axon Solutions, Inc. v. San Diego Data Processing Corp.*, 2010 WL 1797028, at *3 (S.D. Cal. May 4, 2010) (denying motion to dismiss alter-ego claim when the plaintiff pled commingling of funds, undercapitalization, and representation by one entity that is liable for the other's debts).

In her amended complaint, Hall alleges a number of factors that support an inference that there existed a unity of interest and ownership between Sutta and the company defendants. Specifically, Hall asserts that High Desert and American Shredding had insufficient funds to capitalize the individual corporations; failed to follow corporate formalities; and failed to maintain separate corporate records. Doc. #23, ¶60. Further, Hall alleges that Sutta commingled and used the assets of High Desert and American Shredding for his own benefit; transferred assets between High Desert and American Shredding without adequate consideration; and exercised complete dominance and control over High Desert and American Shredding, such that the corporations were a mere shell and instrumentality for Sutta's own personal business and activities. *Id.* Based on the allegations in the complaint, the court finds that Hall has sufficiently pled the second element of alter-ego liability.

Finally, a plaintiff must plead with specificity that fraud or injustice would result if the

corporation is permitted to maintain the fiction of a separate identity. *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 539 (2000). Furthermore, the plaintiff must plead sufficient facts to plausibly assert that he or she will be damaged by the abuse of the corporate entity. *Mid-Century Ins. Co., v. Gardener*, 9 Cal. App. 4th 1205, 1212 (1992). This requirement ensures that the corporate veil is disregarded only when justice so requires. *N. Arlington Med. Bldg., Inc. v. Sanchez Const. Co.*, 471 P.2d 240, 244 (Nev. 1970).

The mere possibility that a plaintiff may have difficulty enforcing a judgment against the corporate entity "alone is not the type of injustice that warrants piercing the corporate veil." *Lowell Staats Min. Co. Inc. v. Pioneer Uravan Inc.*, 878 F.2d 1259, 1262 (10th Cir. 1989); *see also, N. Arlington Med.*, 471 P.2d at 244-45 (holding that the plaintiff may not infer injustice on the basis of a fiction of separateness where there is no causal connection between the corporation's financing and its inability to pay a judgment). A plaintiff must plead sufficient facts to plausibly assert that unless the individual defendant is held personally liable, she will be precluded from adequately pursuing her claims for compensatory and punitive damages. *Id.*

In her amended complaint, Hall has sufficiently alleged that corporate defendants are insufficiently capitalized to support any judgment against them in this action due to the actions of defendant Sutta. *See* Doc. #23, ¶60-62. Specifically, Hall alleges that Sutta has engaged in a pattern and practice of transferring funds between the company's and his own personal accounts to cover expenses as needed, but fails to leave sufficient reserves to satisfy all the companies' basic liabilities. Therefore, based on the allegations in the amended complaint, the court finds that Hall has sufficiently pled that Sutta is the alter ego of defendant companies. Accordingly, the court shall deny Sutta's motion to dismiss.

///

///

///

5

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #26) is DENIED.

IT IS SO ORDERED.

DATED this 3rd day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE